JUDGE DANIELS

08   CV   6752 OFFICE COPY

PROSKAUER ROSE LLP
Russell L. Hirschhorn
1585 Broadway
New York, New York 10036-8299
P: 212.969.3286
F: 212.969.2900
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED
JUL 29 2008
U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------

BOARD OF TRUSTEES OF THE UFCW            :
LOCAL 174 PENSION FUND,

                                         :
            Plaintiff,
                                         :                    **COMPLAINT**
        v.
                                         :
RICHARD MATZELLE and "JOHN AND           :   Civil Case No.:
JANE DOES 1-10",
                                         :
            Defendants.

------------------------------------

      Plaintiff, Board of Trustees of the UFCW Local 174 Pension Fund (the "Trustees"), by

and through its attorneys, Proskauer Rose LLP, states by way of complaint against defendants,

Richard Matzelle ("Matzelle") and John and Jane Does 1-10, who, upon information and belief,

were/are principals of Mott Haven Packing, Co., Inc. ("Mott Haven Packing"), a New York

corporation engaged in the wholesale meat packing business, as follows:

### JURISDICTION & VENUE

    1.     This Court has jurisdiction to hear this action pursuant to Section 4301(c) of the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§ 1451(c).

    2.     Venue is proper in this district pursuant to ERISA § 4301(d), 29 U.S.C.

§ 1451(d).

## THE PARTIES

3.      The Trustees of the UFCW LOCAL 174 PENSION FUND (the "Fund")
established the UFCW Local 174 Pension Plan (the "Plan"), which at all relevant times was (and
is) a multiemployer defined benefit pension plan, as defined by ERISA § 3(37)(A), 29 U.S.C.
§ 1002(37)(A).  The Fund maintains offices at 540 West 48th Street, New York, New York
10036-1130 and 900 South Avenue, Second Floor, Suite 64, Staten Island, New York 10314.

4.      Upon information and belief, at all relevant times, defendant RICHARD
MATZELLE was the president of Mott Haven Packing and his last known address is 78-34 79th
Place, Glendale, New York 11385.

5.      Defendants JOHN AND JANE DOES 1-10 are other principals of Mott Haven
Packing whose identities will be determined during discovery.

## FACTUAL ALLEGATIONS

6.      This is an action seeking relief pursuant to ERISA, 29 U.S.C. § 1001 *et seq.*,
including but not limited to Sections 4201 through 4301, 29 U.S.C. §§ 1381 through 1451.

7.      Pursuant to a collective bargaining agreement between Mott Haven Packing and
UFCW Local 174, the labor organization that for collective bargaining purposes represented the
employees of Mott Haven Packing, Mott Haven Packing had a duty to contribute to the Fund in
accordance with the terms of the collective bargaining agreement and the Amended and Restated
Agreement and Declaration of Trust (the "Trust Agreement") governing the Fund.

8.      Mott Haven Packing made contributions to the Fund until December 2005, at
which time it completely withdrew from the Fund.  This withdrawal triggered the imposition of
withdrawal liability on Mott Haven Packing pursuant to ERISA § 4203, 29 U.S.C. § 1383.

9.     By letter dated October 27, 2006 (the "Demand Letter") addressed to Matzelle, the Fund notified Mott Haven Packing that it had effected a complete withdrawal from the Fund and, therefore, was subject to the payment of withdrawal liability pursuant ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), and the terms of the Plan and the Trust Agreement. A true and correct copy of the Demand Letter and the Certified Mail Return Receipt is attached hereto and incorporated herein as Exhibit A.

10.     As explained in the Demand Letter, the payment schedule provided for a single payment of $522,734.00, or 80 equal quarterly payments of $6,112.00. In accordance with ERISA § 4219, 29 U.S.C. § 1399(c)(2), the payments were to commence no later than 60 days after the date of the Demand Letter, *i.e.*, no later than December 27, 2006.

11.     Mott Haven Packing refused to remit payments to the Fund in accordance with the terms of the Demand Letter, ERISA § 4219, 29 U.S.C. § 1399, and the terms of the Plan and Trust Agreement.

12.     Mott Haven Packing's failure to make the payments set forth in the Demand Letter violates the terms of the Plan, the Trust Agreement and the relevant provisions of ERISA, including ERISA §§ 4219, 4221, and 4301, 29 U.S.C. §§ 1399, 1401 and 1451.

13.     By letter dated March 27, 2007 (the "Default Letter") addressed to Matzelle, the Fund notified Mott Haven Packing that the Fund had not received the payments described in the Demand Letter. A true and correct copy of the Default Letter and the Certified Mail Return Receipt is attached hereto and incorporated herein as Exhibit B.

14.     Notwithstanding the Default Letter, the Demand Letter, the terms of the Plan, the Trust Agreement and ERISA, Mott Haven Packing continued to fail and/or refused to make payments to the Fund.

15.     Mott Haven Packing went in default as a result of not having paid its withdrawal liability to the Fund within 60 days of the date that it received the Default Letter.  Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), Mott Haven Packing was required to immediately pay the total outstanding amount of its withdrawal liability, plus accrued interest on the total outstanding liability from December 27, 2006, the due date of the first payment that was not timely made.

16.     By letter dated August 8, 2007, the Fund advised counsel for Mott Haven Packing that it was in default of its withdrawal liability and demanded immediate payment of $522,734.00, plus accrued interest of $23,831.39.  A true and correct copy of the Fund's August 8, 2007 letter and Certified Mail Return Receipt is attached hereto and incorporated herein as Exhibit C.

17.     By the acts and omissions set forth above, Mott Haven Packing violated ERISA and the terms of the Plan and Trust Agreement.  As a result of Mott Haven Packing's acts and omissions, the Fund has been damaged and has been deprived of money due and owing to the Fund.

18.     On April 10, 2008, the Fund commenced an action against Mott Haven Packing in the United States District Court for the Southern District of New York, seeking payment of $544,076.35, which included the total outstanding amount of withdrawal liability of $522,734 plus accrued interest dating from December 27, 2006, costs of filing the complaint, and attorneys' fees.

19.     Because Mott Haven Packing failed to respond to the Complaint, the Fund sought an Order to Show Cause as to why a default judgment should not be entered against Mott Haven Packing.

20.    At the Order to Show Cause Hearing (the "Hearing") before The Honorable Gerard E. Lynch of the District Court of the Southern District of New York on July 21, 2008, a default judgment was assessed against Mott Haven Packing for its failure to pay withdrawal liability.

21.    During the Hearing, an attorney purporting to represent the principals of Mott Haven Packing explained that "in December of 2005, after many years of unsuccessful attempts, the business and the real estate [owned by Mott Haven Packing] was sold by [Matzelle] to a willing buyer for a certain price."

22.    Additionally, the attorney stated that Mott Haven Packing was "dissolved shortly thereafter as a corporation, and the assets were distributed to the owners, [including Matzelle], his wife and his children. . . .  [Mott Haven Packing] did receive and disburse . . . a total of $2 million for the entire real estate as well as the business."

23.    A true and correct copy of the Hearing transcript is attached hereto and incorporated herein as Exhibit D.

## CAUSE OF ACTION
## PIERCING-THE-CORPORATE-VEIL THEORY

24.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.    Under New York law, a party seeking to pierce the corporate veil must generally show that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Matter of Morris v. New York State Dep't of Taxation and Fin.*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810-11, 623 N.E.2d 1157, 1160-61 (1993).

26.    Upon information and belief, at all relevant times, defendants have dominated and controlled the assets, finances and business of Mott Haven Packing by and through, among others, the following acts:

      a.    Matzelle was the President of Mott Haven Packing;

      b.    Upon information and belief, John and Jane Does 1-10 were other principals of Mott Haven Packing;

      c.    Upon information and belief, Mott Haven Packing disbursed $2 million in corporate funds to Matzelle and others for personal use prior to the dissolution of the corporation.

27.    By virtue of disbursing these funds, Matzelle and the other defendants exercised complete domination of the corporation.  As a result, the Fund has been damaged and has been deprived of money due and owing to the Fund.  Accordingly, defendants are personally liable for the withdrawal liability due to the Fund.

6

**WHEREFORE**, the Trustees demand that judgment be entered in its favor and against Richard Matzelle and John and Jane Does 1-10 and, consistent with the judgment awarded against Mott Haven Packing, it be awarded $546,565.39, plus accrued interest from August 8, 2007, attorneys' fees, costs of suit, and such other legal and equitable relief as the Court may deem just and appropriate.

Dated: July 29, 2008

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____
    Russell L. Hirschhorn
    1585 Broadway
    New York, New York 10036-8299
    P: 212.969.3286
    F: 212.969.2900
    *Attorney for Plaintiff*

5464/74616-011 Current/11684787v3

# EXHIBIT

# A





*UFCW Local 174*
*Affiliated Trust Funds*

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

October 27, 2006

**By Certified Mail/ Return Receipt Requested**

Mr. Richard Matzelle, President
Mott Haven Packing Company
223 East 138th Street
Bronx, NY 10451

Re:  Notice and Demand for Payment of Withdrawal Liability
      UFCW Local 174 Pension Fund

Dear Mr. Matzelle:

According to our records, Mott Haven Packing Company (the "Company") ceased to have an obligation to contribute to the UFCW Local 174 Pension Fund (the "Fund") as of December 13, 2005. As a result, the Company has effected a complete withdrawal from the Fund, within the meaning of Section 4203(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Consequently, the Company is subject to the payment of withdrawal liability to the Fund and, in accordance with the requirements of Section 4202 of ERISA, the Board of Trustees of the Fund hereby makes demand for payment of withdrawal liability, as described below.

In accordance with the Fund's method of computing withdrawal liability, we have computed the Company's withdrawal liability to the Fund to be $522,734. Under Sections 4219(c)(1)(C) and (c)(3) of ERISA, the Company is required to pay the full value of its withdrawal liability in 80 quarterly installment payments, each in the amount of $6,112. Please find enclosed a payment schedule setting forth the Company's required withdrawal liability payments. Please note that interest on each such payment shall accrue until the date on which payment is actually made. Pursuant to Section 4219(c)(4) of ERISA, the Company may elect to prepay the outstanding amount, plus accrued interest, in whole or in part, without penalty.

In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of this Notice, "notwithstanding any request for review or appeal of determinations of the amount of such liability." Thus, the Company's initial quarterly withdrawal liability payment is due on or before December 27, 2006. Payment of withdrawal liability should be made directly to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

Please note that the liability and payment schedule set forth above and in the enclosure is an estimate that is subject to adjustment due to a change in withdrawal liability resulting from, for

Page 2

example, any actuarial change in the amount of unfunded vested benefits. If such an adjustment becomes necessary, the Fund will submit an amended withdrawal liability statement to the Company.

Failure to commence payment of withdrawal liability or to make timely subsequent payments, as required under ERISA, will constitute "default" within the meaning of Section 4219(c)(5) of ERISA, and will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed to the Fund by the Company, plus accrued interest. The Fund will assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Under Section 4219(b)(2)(A) of ERISA, the Company has the right, within 90 days after the receipt of this Notice, to:

    (1)    Request the Trustees to review any specific matter relating to the determination of the Company's withdrawal liability and the schedule of payments described herein;

    (2)    Identify any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Company; and

    (3)    Furnish any additional relevant information to the Trustees.

Pursuant to Section 4221 of ERISA, any dispute arising out of the Fund's determination and review must be resolved through arbitration. Either party may initiate the arbitration proceeding herein within a 60 day period after the earlier of:

    (a)    the date of the Fund's notification to the Company under Section 4219(b)(2)(B) of ERISA, or

    (b)    120 days after the date of the Company's request under Section 4219(b)(2)(A) of ERISA.

*Under Section 4219(c)(2) of ERISA, the Company must commence payments demanded herein in accordance with the terms and schedule set forth above, notwithstanding any request for review or appeal of determinations.*

Pursuant to Section 4219(a) of ERISA, it is hereby requested that the Company advise the undersigned, within 30 days of the date of this Notice, whether the Company is or was a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue Code of 1986, as amended (i.e., a "controlled group"). If the Company is or was a member of a controlled group, it is hereby requested that the Company furnish the undersigned with the corporate (or business) names and addresses of each organization within the controlled group. Please also note whether any of these organizations contributed to the Fund at any time.

Page 3

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _Brandi Lauletti_
    Brandi Lauletti
    Fund Administrator

Enclosures

cc: Amy Covert, Esq.

## UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

**EMPLOYER:**
**Withdraw During Plan Year Beginning July 1:**

Mott Haven Packing Co.
2005

| | |
|---|---|
| 1. Plan's unfunded value of vested benefits as of June 30, 2005 | $    87,019,383 |
| 2. Total of all employer contributions to the Plan for Plan Years 2000 - 2004 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2005) | $    13,719,093 |
| 3. Unfunded value of vested benefits as of June 30, 2005 per dollar of employer contributions during Plan Years 2000 - 2004 = (1) / (2) | 6.34294 |
| 4. Mott Haven Packing Co. contributions for Plan Years 2000 - 2004 | $    82,412 |
| 5. Mott Haven Packing Co. allocable share of the unfunded value of vested benefits as of June 30, 2005 = (3) x (4) | $    522,734 |
| 6. De minimis threshold: smaller of 3/4% of (1) (.0075 x $87,019,383 = $652,645) and $50,000 | $    50,000 |

7. Employer withdrawal liability amount after de minimis adjustment:

| | |
|---|---|
| (a) if (5) is less than (6) | N/A |
| | $0 |
| (b) if (5) is equal to or more than (6), but less than $100,000 | N/A |
| | Amount in (5) less amount in (6) |
| (c) if (5) is between $100,000 and the sum of $100,000 and the amount in (6) | N/A |
| | Double amount in (5) less the sum of (6) and $100,000 |
| (d) if (5) is more than the sum of $100,000 and the amount in (6) | $    522,734 |
| | Amount in (5) |

## UFCW LOCAL 174 PENSION FUND
## WITHDRAWAL LIABILITY

EMPLOYER                                              Mott Haven Packing Co.

Payment Schedule

1.  **High Contribution rate (Per Member Per Month Basis**          $        200.00
    ERISA Section 4219(c)(1)(C)(i)(11)

2.  **Highest average consecutive three year Contribution Base Units**
    ERISA Section 4219(c)(1)(C)(i)(I)

| Plan Year Beginning July 1 | Months of Contributions | Average for prior 3 Years |
|---|---|---|
| 1995 | 63 | |
| 1996 | 100 | |
| 1997 | 109 | 91 |
| 1998 | – | 70 |
| 1999 | 106 | 72 |
| 2000 | 116 | 74 |
| 2001 | 120 | 114 |
| 2002 | 121 | 119 |
| 2003 | 108 | 116 |
| 2004 | 101 | 110 |

Highest 3 years Average          119.00

3.  **Amount of each annual payment: = (1) x (2)**                  $     23,800.00

4.  **Payment Schedule:**

| | Year Beginning | Balance at Beginning of Year | Payment Due* | Remaining Balance | 7.50% Interest | Balance at End of Year | |
|---|---|---|---|---|---|---|---|
| 1 | 11/1/2006 | $522,734 | $23,800 | $498,934 | $37,420 | $536,354 | 1 |
| 2 | 11/1/2007 | $536,354 | $23,800 | $512,554 | $38,442 | $550,996 | 2 |
| 3 | 11/1/2008 | $550,996 | $23,800 | $527,196 | $39,540 | $566,736 | 3 |
| 4 | 11/1/2009 | $566,736 | $23,800 | $542,936 | $40,720 | $583,656 | 4 |
| 5 | 11/1/2010 | $583,656 | $23,800 | $559,856 | $41,989 | $601,845 | 5 |
| 6 | 11/1/2011 | $601,845 | $23,800 | $578,045 | $43,353 | $621,398 | 6 |
| 7 | 11/1/2012 | $621,398 | $23,800 | $597,598 | $44,820 | $642,418 | 7 |
| 8 | 11/1/2013 | $642,418 | $23,800 | $618,618 | $46,396 | $665,014 | 8 |
| 9 | 11/1/2014 | $665,014 | $23,800 | $641,214 | $48,091 | $689,305 | 9 |
| 10 | 11/1/2015 | $689,305 | $23,800 | $665,505 | $49,913 | $715,418 | 10 |
| 11 | 11/1/2016 | $715,418 | $23,800 | $691,618 | $51,871 | $743,489 | 11 |
| 12 | 11/1/2017 | $743,489 | $23,800 | $719,689 | $53,977 | $773,666 | 12 |
| 13 | 11/1/2018 | $773,666 | $23,800 | $749,866 | $56,240 | $806,106 | 13 |
| 14 | 11/1/2019 | $806,106 | $23,800 | $782,306 | $58,673 | $840,979 | 14 |
| 15 | 11/1/2020 | $840,979 | $23,800 | $817,179 | $61,288 | $878,467 | 15 |
| 16 | 11/1/2021 | $878,467 | $23,800 | $854,667 | $64,100 | $918,767 | 16 |
| 17 | 11/1/2022 | $918,767 | $23,800 | $894,967 | $67,123 | $962,090 | 17 |
| 18 | 11/1/2023 | $962,090 | $23,800 | $938,290 | $70,372 | $1,008,662 | 18 |
| 19 | 11/1/2024 | $1,008,662 | $23,800 | $984,862 | $73,865 | $1,058,727 | 19 |
| 20 | 11/1/2025 | $1,058,727 | $23,800 | $1,034,927 | $77,620 | $1,112,547 | 20 |

* To be paid in quarterly installments

5.  **Quarterly Payments**
    Quarterly Payments          **$6,112**          for 80 Quarters

# UFCW LOCAL 174 PENSION FUND
## ESTIMATED WITHDRAWAL LIABILITY AS JUNE 30, 2005

### MOTT HAVEN PACKING COMPANY

| | Withdrawal Liability | Redetermination Liability | Reallocation Liability (Mass Withdrawal |
|---|---|---|---|
| 1. Plan's unfunded value of vested benefits as of June 30, 2005 | $ 87,019,383 | $ 87,019,383 | $ 185,006,798 |
| 2. Mott Haven Packing Company contributions for Plan Years 2000 - 2004 | $ 82,412 | $ 82,412 | $ 82,412 |
| 3. Total of all employer contributions to the Plan for Plan Years 2000 - 2004 (exclusive of contributions of employers who withdrew prior to the Plan Year beginning July 1, 2005) | $ 13,719,093 | $ 13,719,093 | $ 13,719,093 |
| 4. Mott Haven Packing Company contributions as a percentage of all employer contributions = (2) / (3) | 0.6007% | 0.6007% | 0.6007% |
| 5. Mott Haven Packing Company allocable share of the unfunded value of vested benefits as of June 30, 2005 = (1) x (4) | $ 522,734 | $ 522,734 | $ 811,000 |
| 6. De minimis adjustment to withdrawal liability | $ - | N/A | N/A |
| 7. Employer withdrawal liability amount after de minimis adjustment = (5) - (6), not less than zero | $ 522,734 | $ 522,734 | $ 811,000 |
| 8. Highest contribution rate (per member per month) for Mott Haven Packing Company | $ 200.00 | $ 200.00 | $ 200.00 |
| 9. Highest average consecutive three-year Contribution Base Units for Mott Haven Packing Company | 119.00 | 119.00 | 119.00 |
| 10. Amount of annual withdrawal payment = (8) x (9) | $ 23,800 | $ 23,800 | $ 23,800 |
| 11. Amount of withdrawal payment if paid quarterly | $ 6,112 | $ 6,112 | $ 6,112 |
| 12. Approximate Years Payable | 20.00 | Infinite | Infinite |

This Illustration provides an estimate of your withdrawal liability and payment schedule had you withdrawn from the fund during the Plan Year ended June 30, 2005.  Actual amounts may be higher or lower than those shown above.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Mr. Richard Matzelle, President

Street, Apt. No.; or PO Box No.
Matt Haven Packing Company
223 East 138th Street

City, State, ZIP+4
Bronx, NY 10451

PS Form 3800, January 2001          See Reverse for Instructions

USPS - Track & Confirm

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do



UNITED STATES
POSTAL SERVICE®



Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7001 0360 0000 6818 6323
Status:

Your item was delivered at 10:49 am on October 30, 2006 in BRONX, NY
10451. A proof of delivery record may be available through your local Post
Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )     ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]

( Go > )

POSTAL INSPECTORS    site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust         Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy



6/6/2007 9:30 AM

# EXHIBIT

# B

 

*UFCW Local 174*
*Affiliated Trust Funds*

540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212 307-7007

March 27, 2007

**By Certified Mail/ Return Receipt Requested**

Mr. Richard Matzelle, President
Mott Haven Packing Company
78-34 79th Place
Glendale, NY 11385

Re:    Notice of Failure to Make Payments on Withdrawal Liability
       UFCW Local 174 Pension Fund

Dear Mr. Matzelle:

By letter dated October 27, 2006, UFCW Local 174 Pension Fund (the "Fund") notified Mott Haven Packing Company (the "Company") of its obligation to pay withdrawal liability in accordance with Section 4219(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (the "Demand Letter"). Specifically, the Demand Letter stated that the Company's payment of withdrawal liability to the Fund is required to commence no later than 60 days after the date of such letter, notwithstanding any request for review or appeal of the determinations of the amount of the withdrawal liability or the schedule of payments. The Demand Letter assessed withdrawal liability on the Company in the amount of $522,734, payable in 80 equal quarterly installment of $6,112. The initial payment was due on or before December 27, 2006.

According to our records, the Company has not made any payment to the Fund as required under the Fund's Demand Letter. Please be advised that if the Company's failure is not cured within 60 days of receipt of this notice, the Company will be deemed in default of its withdrawal liability as provided by Section 4219(c)(5) of ERISA. The Fund will then be entitled to require immediate payment of the outstanding amount of the Company's withdrawal liability, plus accrued interest. The Fund may assess such default penalties on the entire amount of the Company's withdrawal liability, as well as any court costs and attorneys' fees incurred in collecting such delinquency.

Payment should be made to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the above address.



If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: *Brandi Lauletti*
Brandi Lauletti
Fund Administrator

cc:    Amy Covert, Esq.

2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mott Haven Packing Co.
78-34 79th Place
Glendale, NY 11385
ATTN: Richard Matzelle

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service)    7001 0360 0003 8896 7077

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

USPS - Track & Confirm

http://trkcntrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do





Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7001 0360 0003 8896 7077
Status:

Your item was delivered at 12:03 pm on March 31, 2007 in
RIDGEWOOD, NY 11385. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

 (?)   ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

[                    ]
( Go > )

POSTAL INSPECTORS       site map    contact us    government services    jobs    National & Premier Accounts
Preserving the Trust               Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy



8/3/2007 1:44 PM

# EXHIBIT

# C





540 WEST 48TH STREET • NEW YORK, NEW YORK 10036-1130 • 212-307-7007

August 8, 2007

**By Certified Mail/ Return Receipt Requested**

Mr. Robert Carlsen, Esq.
Robert C. Carlsen, P.C.
73-35 Myrtle Avenue
Glendale, N.Y. 11385

           Re:    **Mott Haven Packing Company Failure to Make Payments**
                   **on Withdrawal Liability from UFCW Local 174 Pension Fund**

Dear Mr. Carlsen:

This letter responds to your letter dated May 25, 2007. As explained in the letter to you dated May 17, 2007, UFCW Local 342 (the "Union") and the UFCW Local 174 Pension Fund (the "Fund") are separate legal entities. Any release between the Union and Mott Haven Packing Company (the "Company") in no way affects any obligation between the Company and the Fund. While we will await your forthcoming documentation, you should be aware that Section 4219 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") imposes explicit time frames for the payment of an employer's withdrawal liability, which must be complied with notwithstanding any request for review.

By letter dated October 27, 2006, the Fund notified the Company of its obligation to pay withdrawal liability. At that time, the Company was provided with a demand for payment and a payment schedule. In accordance with Section 4219(c)(2) of ERISA, payment of withdrawal liability to the Fund was required to commence no later than <u>December 26, 2006</u>. By letter dated March 27, 2007, the Fund notified the Company of its failure to make payment and demanded that the Company cure the failure by making payment in accordance with the withdrawal liability payment schedule. The Fund's May 17, 2007 letter reminded you of the <u>May 26, 2007</u> deadline for curing the Company's failure.

According to our records, the Company has not yet made payment as required. As a result, and in accordance with Section 4219(c)(5) of ERISA, the Company is now in default of its withdrawal liability. The Board of Trustees hereby requires immediate payment of the outstanding amount of the Company's withdrawal liability, $522,734.00, plus accrued interest of $23,831.39 as shown in the enclosed schedule. To avoid legal action, the Company must send a lump sum single payment of $546,565.39 payable to the order of "UFCW Local 174 Pension Fund" and forwarded to the undersigned at the address above.

If you have any questions, please contact the undersigned.

Sincerely,

Board of Trustees of the
UFCW Local 174 Pension Fund

By: _____
   Donald Proniewych
   Fund Administrator

cc:   Mr. Richard Matzelle, President
      Mott Haven Packing Company
      78-34 79th Place
      Glendale, NY 11385


      Amy Covert, Esq.


Enclosure

**UFCW 174 Pension Fund**
**Accrued Interest Calculation for**
**Mott Haven Packing Co.**

| | | |
|---|---|---|
| Date of demand letter | | 10/27/2006 |
| Annual interest rate | | 7.50% |
| First payment due date (60 days from demand date) | | 12/26/2006 |
| Withdrawal liability amount | | $522,734.00 |
| Accrued interest to: | 08/08/2007 | $23,831.39 |
| Total payment due | | $546,565.39 |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X     ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

MR. RICHARD MATZELLE, Pres
Mott Haven PACK Co.
78-34 79th Place
Glendale N.Y. 11385

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 0220 0001 3358 1951

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $    8/8/07 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

7007 0220 0001 3358 1951

Sent To
MR. RICHARD MATZELLE, Pres
Street, Apt. No.; or PO Box No.   Mott Haven PACK Co.
78-34 79th Place
City, State, ZIP+4   Glendale NY 11385

PS Form 3800, August 2006    See Reverse for Instructions

USPS - Track & Confirm

Page 1 of 1


UNITED STATES
POSTAL SERVICE®

Home | Help

Track & Confirm

## Track & Confirm

### Search Results

Label/Receipt Number: 7007 0220 0001 3358 1951
Status: Delivered

Your item was delivered at 12:44 pm on August 09, 2007 in
RIDGEWOOD, NY 11385. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do

4/8/2008

# EXHIBIT

# D

87L7BOAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

BOARD OF TRUSTEES OF THE
UFCW LOCAL 174 PENSION FUND,

            Plaintiff,

       v.                 08 Civ. 3505

MOTT HAVEN PACKING CO., INC.,

            Deffendant.

-------------------------------x

                        July 21, 2008
                        10:45 a.m.

Before:

                  HON. GERARD E. LYNCH

                          District Judge

                 APPEARANCES

PROSKAUER ROSE LLP
     Attorneys for Plaintiff
BY:  RUSSELL L. HIRSCHORN

ROBERT C. CARLSEN
     Attorney for Defendant

87L7BOAC

1          (Case called)

2          (In open court)

3          MR. HIRSCHORN:  Good morning, your Honor.  Russell

4     Hirschorn for the fund.  With me is Steven Cohen, a summer

5     associate with our firm.

6          THE COURT:  Good morning.

7          MR. CARLSEN:  Robert Carlsen on behalf of the

8     defendant Mott Haven Packing Co.

9          THE COURT:  OK, Mr. Carlsen, good morning.

10          MR. CARLSEN:  Good morning.

11          THE COURT:  I grew up right near Myrtle Avenue in

12     Ridgewood.

13          MR. CARLSEN:  It's still there, your Honor.

14          THE COURT:  It is indeed, and I've been there once or

15     twice recently myself.

16          This is an order to show cause for a default judgment

17     brought by plaintiff.  And after some initial difficulties, I

18     gather from the fact that Mr. Carlsen is here that it was

19     eventually served.

20          MR. HIRSCHORN:  That is correct, your Honor.

21          THE COURT:  All right.  Well, Mr. Carlsen, I guess

22     you're here to show cause.  What's the situation here?  Is the

23     defendant going to defend this lawsuit, or what's going to

24     happen?

25          MR. CARLSEN:  May I be permitted to sit, your Honor?

87L7BOAC

1          THE COURT:  Yes, indeed.

2          MR. CARLSEN:  Fine.  We may have been under a

3   misapprehension, Judge.  If I may briefly state, in December of

4   2005, after many years of unsuccessful attempts, the business

5   and the real estate in the Bronx was sold by my client to a

6   willing buyer for a certain price, cash.  At that particular

7   time, Judge, there was an order to show cause brought in

8   Supreme Court Nassau County in the state courts by the union

9   representing the employees.  This was union Local 342 of the

10  meat workers, I believe.

11          As a result of the order to show cause, your Honor, a

12  settlement was made at that time, and releases from all the

13  employees were received.  At that moment, Judge, we blithely

14  concluded our transaction.

15          We believed by our accountant we were dissolved

16  shortly thereafter as a corporation, and the assets were

17  distributed to the owners, which was the principal, his wife

18  and his children.  We later received, Judge, a notification

19  from Local 174, this is the trust fund, to the effect that we

20  owed $522,000 to them for withdrawal liability.

21          Number one, Judge, this concept itself came out of the

22  blue because we had believed we had settled all union matters

23  at the time of the sale.

24          We did receive and disburse, as I said, a total of $2

25  million for the entire real estate as well as the business.

4

87L7BOAC

1    Thereafter, another notice came bringing us more current, to

2    the effect that the money was owed and we're not going to go

3    away and there is what they term to be a mass withdrawal.

4            I privately investigated, or I should say researched

5    the law and spoke to some colleagues that told me in the

6    absence of any fraud there was no personal liability on the

7    part of the particular principals of Mott Haven.  In fact, in

8    February 18th of this year, on the stationery of Local 342 with

9    whom we settled, they attempted to espouse the rights again of

10   plaintiff in this lawsuit, making me believe it was one in the

11   same entity and assuring me there was nothing to worry about.

12           Well, Judge, I'm here today just to make sure that

13   there is no personal responsibility in an action by my client

14   who was not fraudulent in any of his dealings in what he did

15   and who had no notification until well over a year after the

16   business was closed that there was any such liability.

17           THE COURT:  OK.  Well, I think I understand that

18   position and that issue so far.

19           Mr. Hirschorn, what I see here -- quite regardless of

20   any issues of release or prior settlement or anything else --

21   is an action only against Mott Haven Packing Co, Inc., which

22   Mr. Carlsen says has been dissolved.

23           Now, I guess my inquiry to you is am I correct that

24   this action itself is only brought against the company, not

25   against the individuals?

1        MR. HIRSCHORN:  That's correct, your Honor.  Quite

2   honestly, your Honor, I am surprised, as perhaps the court is,

3   to see Mr. Carlsen here today.  That being said, the action is

4   against a company, and in the normal course of things the

5   general rule is there may not may not be personal liability,

6   full withdrawal liability.

7        Having said that, if the fund could prove fraud or

8   some intent to deceive the fund of monies owed to it by virtue

9   of withdrawal liability, there very well could be liability to

10  the principals.  So, I think the issue becomes whether

11  Mr. Carlsen is going to represent Mott Haven in this action and

12  we amend the complaint, or if we get a default judgment here

13  and proceed in a separate action.

14        THE COURT:  Well, that was going to be my question to

15  him.  I just wanted to find out from you, this action is

16  brought only against the company.

17        MR. HIRSCHORN:  That's correct.

18        THE COURT:  I take it if this judgment is entered

19  against the company, the plaintiff, so to speak, reserves its

20  rights, if any, to bring an action against the individuals if

21  they can prove whatever it is they would need to prove against

22  the individuals.

23        MR. HIRSCHORN:  I would think that right.  I think I

24  would like -- you know, if the court is inclined to enter the

25  default judgment in this case, I think I would like in

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    expressing acknowledgment, if I may request, that I wouldn't in

2    any way be precluded from bringing -- I don't think I am

3    anyway -- but I wouldn't want to be -- I'm just thinking out

4    loud on whether he would assert some sort of estoppel defense

5    on me, but I can't see of any one that would apply.

6         THE COURT:   I don't know if there is anything I can

7    adjudicate or not adjudicate vis-a-vis the individuals if there

8    is no action against the individuals here.

9         MR. HIRSCHORN:   Right.

10        THE COURT:   That is, on the one hand I don't see that

11   I can adjudicate any liability against the individuals.   They

12   haven't been sued.   But by the same token, I don't think for

13   the same reason there is any way I could adjudicate any

14   nonliability by the individuals other than to say that all that

15   is before me right now is a suit against a corporation, which

16   may or may not be defunct.   I have no reason to doubt

17   Mr. Carlsen's representation that it's defunct, but until and

18   unless he tells me that he is here representing the corporation

19   and is moving to dismiss the action or something because it's

20   defunct, my inclination would be to go ahead, enter the default

21   judgment, and then the chips fall where they may if, as and

22   when the plaintiff attempts any further action against any

23   other defendant.

24        All I've got here is a lawsuit against a corporation.

25   The corporation has not responded.   A default, therefore, would

87L7BOAC

1    seem in order, unless Mr. Carlsen is going to tell me in a

2    minute that he is here to represent the corporation and seeks

3    deferment of the default judgment and seeks to interpose an

4    answer or do something else on behalf of the corporation.

5         So, let me try him on that.

6         Mr. Carlsen, I take it from your nodding that you are

7    not here representing the corporation.

8         MR. CARLSEN:  That's correct, Judge.  I'm here

9    principally to see that if there is anything that I can do to

10   prevent personal liability against these innocent principals.

11   My presence would help in doing that.

12        THE COURT:  Well, I'm not aware of anything in that

13   line, because once again it seems to me that all is before me

14   is an action against a corporation.  The corporation has not

15   answered and is in default.  You are not here representing

16   them.  I think I, therefore, have no alternative but to enter

17   the default judgment against the defendant Mott Haven Packing

18   Company, Inc.

19        It seems to me that that's the end of this case.  If

20   there is some other case to be brought by the plaintiff against

21   the individuals who once owned this corporation, God bless

22   everybody and they can sort that out in whatever court the

23   action is brought.  But it has nothing to do with me and

24   nothing to do with this case here.

25        Of course, now that you are both in the same room, you

87L7BOAC

1    might want to have some conversations, but I don't know that

2    you need to.  You each now know where each other can be found,

3    and if there is any interest in pursuing any further

4    discussions about what happened with Local 342, and whether

5    they are or aren't connected to the plaintiff in this case, and

6    whether the plaintiff here can be persuaded to go away and give

7    some assurance that they're not going to sue the individual

8    plaintiffs, or whether there is some other way of resolving

9    that by conversations between the two of you, well, you are

10   certainly at liberty to do that.  But that again has nothing to

11   do with me.

12        So, I think that where we are is that I will conclude

13   that this action, having been properly filed against Mott Haven

14   Packing Company, Incorporated, no one having appeared to answer

15   either the case or the order to show cause on behalf of the

16   corporation, the corporate defendant is in default.

17        I have reviewed the papers submitted by plaintiff

18   documenting the amounts of the alleged liability and the

19   damages, and those amounts are adequately documented and,

20   therefore, there is no need for further inquest, and I will

21   sign the default judgment as submitted.

22        Mr. Hirschorn, is there something else I need to do?

23        MR. HIRSCHORN:  Thank you, your Honor.  I just wanted

24   the record to be clear in light of Mr. Carlsen's remarks on

25   behalf of the principals of Mott Haven, that for purposes of

87L7BOAC

1   the action that will most likely be forthcoming, I thought the

2   record ought to be clear that the principals of Mott Haven,

3   notwithstanding Mr. Carlsen's remarks, have been notified dare

4   I say on more than a dozen times in writing about the liability

5   of the company and that this is the first we're hearing about

6   there being $2 million worth of assets. And I just wanted the

7   funds' position to be on the record because I see a transcript

8   is being taken.

9           THE COURT: Yes. Everybody's position is set forth on

10  the record, and I think I made it very clear I'm not

11  adjudicating anything about the individuals.

12          The parties have said what they've said, which is all

13  very interesting, and I take it everybody reserves their rights

14  to do whatever may happen in the future, but this has nothing

15  to do with the individuals. This is simply a judgment against

16  the corporation. And I think that's where we are.

17          MR. HIRSCHORN: Thank you, your Honor.

18          MR. CARLSEN: And, your Honor, might I say that my

19  silence at this time doesn't mean I agree with the facts as

20  just expressed.

21          THE COURT: Absolutely. Nobody agrees with anything

22  the other side said. Each side has set forth its own position,

23  and I think we can put this to bed. Thank you very much,

24  gentlemen.

25                          *  *  *