ROBERT C. CARLSEN, P.C.
Robert C. Carlsen, Esq.
73-35 Myrtle Avenue
Glendale, New York 11385
P: 718-366-0058
F: 718-497-8329
Email: rccpc7335@aol.com
Attorney for Defendant RICHARD MATZELLE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BOARD OF TRUSTEES OF THE UFCW
LOCAL 174 PENSION FUND,

                Plaintiff,

    v.

RICHARD MATZELLE and "JOHN AND
JANE DOES 1-10",

                Defendants.
--------------------------------------------------------X

**ANSWER**

Civil Case No.: 08CV6758
Judge Daniels

Defendant RICHARD MATZELLE, by and through his Attorney ROBERT C. CARLSEN, P.C., states by way of Answer to the Complaint herein and addresses each allegation thereof as follows:

**JURISDICTION & VENUE**

1. This Court lacks jurisdiction to hear this action brought against RICHARD MATZELLE Individually referred to in the Complaint and not the Corporation MOTT HAVEN PACKING CO., INC. which was the Employer.

2. In this action, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1451(c) has no application to the rights which Plaintiff claim since the litigation is based upon the common law principles of fraud.

1

## THE PARTIES

3. The allegations with respect to the Pension Fund, as contained in the Complaint, are irrelevant to this action although the facts with respect to the legal existence and address of the Plaintiff as stated, upon information and belief, are correct.

4. It is admitted that Defendant RICHARD MATZELLE was President of MOTT HAVEN PACKING CO. during the period of its active business existence which ceased as of December 30, 2005.

5. There were other Shareholders of MOTT HAVEN during its operation.

## FACTUAL ALLEGATIONS

6. Defendant RICHARD MATZELLE denies Plaintiff's right to relief pursuant to the Sections of ERISA as cited in Paragraph 6.

7. Defendant acknowledges the existence of a Collective Bargaining Agreement as recited in Paragraph 7 of the Complaint and alleges full compliance with the terms of said Agreement during the entire period of its existence until MOTT HAVEN PACKING CO. closed business on December 30, 2005.

8. Defendant admits that MOTT HAVEN PACKING CO. contributed to the Fund until business ceased, at which time its employees ceased employment and the Corporation no longer conducted business due to its sale effective December 30, 2005 as alleged in Paragraph 8.

9. Defendant acknowledges receipt of correspondence from the Plaintiff but denies that MOTT HAVEN PACKING CO. actively operated business after December 30, 2005 or that its employees as Members of the Fund chose to remain in its employ after that date as alleged in Paragraph 9.

10. Defendant admits the payment schedule as recited in Paragraph 10 applied only to MOTT HAVEN PACKING CO. following its discontinuance of business and further denies that this Defendant is not in any manner individually responsible for payments under the schedule recited in Paragraph 10.

11. Defendant denies the allegation of refusal to remit payments and alleges that MOTT HAVEN PACKING CO. was not in business, had no assets and did not have employees or income with which to make continued payments in accordance with the allegations in Paragraph 11.

12. Defendant alleges that MOTT HAVEN PACKING CO.'s failure to make payments did not violate the terms of the Plan so as to in any fashion form the basis of his individual liability in the present action as claimed in Paragraph 12.

13. The Default Letter addressed to MOTT HAVEN PACKING CO. as alleged in Paragraph 13 was received and its applicability to the liability of this individual Defendant as recited in Paragraph 13 is denied.

14. Defendant denies personal liability with reference to the failure of MOTT HAVEN PACKING CO. to make payments to the Fund as alleged in Paragraph 14.

15. Defendant denies personal liability upon the default of MOTT HAVEN PACKING CO. as alleged in Paragraph 15.

16. Defendant denies personal liability upon the facts as alleged in Paragraph 16.

17. Defendant denies personal liability as alleged in Paragraph 17.

18. Defendant admits the institution of an action against MOTT HAVEN PACKING CO. as alleged in Paragraph 18.

19.  Defendant admits the Order to Show Cause having been made against MOTT HAVEN PACKING CO. as alleged in Paragraph 19.

20.  Defendant admits that a default judgment was assessed against Defendant MOTT HAVEN PACKING CO. as alleged in Paragraph 20.

21.  Defendant admits the allegations as alleged in Paragraph 21.

22.  Defendant admits that the corporate accountant was instructed to dissolve MOTT HAVEN PACKING CO. and distribute the assets of the Corporation to its various Shareholders while no amount was due and owing by this Defendant or any individual to the Plaintiff because business had ceased following the sale of all assets on December 30, 2005 as alleged in Paragraph 22.

23.  The Court is referred to the entire transcript of hearing as attached to the Complaint and incorporated as Exhibit D in response to the allegations of Paragraph 23.

## CAUSE OF ACTION
## PIERCING-THE-CORPORATE-VEIL THEORY

24.  Defendant repeats and realleges each and every allegation contained in all preceding Paragraphs of this Answer as though more fully set forth herein.

25.  Defendant denies complete domination of the Corporation and that the circumstances required by a party seeking to pierce the corporate veil exist under the facts of this case and further denies the commission of fraud as alleged in Paragraph 25.

26.  Defendant denies specifically that his actions were improper so as to render this Defendant personally liable or to in any way deprive the Fund of any monies due and owing to it under the circumstances.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. Defendant denies that the Employee Retirement Income Security Act of 1974 as amended applies to the rights sought by Plaintiff in this action and that, therefore, this cannot be a basis of jurisdiction over this Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Defendant denies any responsibility in law to the Plaintiff by virtue of his actions following the cessation of business by MOTT HAVEN PACKING CO. as of December 30, 2005 while acknowledging the judgment recited by the Plaintiff against the Corporation only.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Defendant alleges that all obligations owed by MOTT HAVEN PACKING CO. to the Plaintiff were paid in full for as long as they were due and owing during the course of the active conduct of business of MOTT HAVEN PACKING CO. and that subsequent to December 30, 2005 all obligations to the Plaintiff by the Corporation ceased since the employees for whose benefit the Plaintiff existed voluntarily left the employ of MOTT HAVEN, executed Releases, and in fact no longer had any claims against MOTT HAVEN in any respect whatsoever.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff was aware of the facts and circumstances surrounding the sale of MOTT HAVEN PACKING CO., INC.

31. Plaintiff raised no issue or objection to the sale in spite of its knowledge.

32. By its silence, Plaintiff acquiesced in the event of the sale and Releases executed by its covered employees.

33. Plaintiff cannot now claim to be a victim of fraud by Defendant following the liquidation of a business whose employees voluntarily left corporate employment with Plaintiff's full knowledge.

**WHEREFORE**, Defendant RICHARD MATZELLE demands judgment in his favor dismissing the within action brought by the Board of Trustees of the UFCW Local 174 Pension Fund based upon his fraud together with interest, costs, Attorney's fees and such other legal and equitable relief as the Court may deem just and appropriate.

Dated: August ⁊ , 2008

                                  Respectfully submitted,

                                  ROBERT C. CARLSEN, P.C.

By:    S/ _____
            ROBERT C. CARLSEN, ESQ.
            73-35 Myrtle Avenue
            Glendale, New York 11385
            P: 718-366-0058
            F: 718-497-8329
            Email: rccpc7335@aol.com
            Attorney for Defendant
            RICHARD MATZELLE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Civil Case No. 08CV6758

BOARD OF TRUSTEES OF THE UFCW
LOCAL 174 PENSION FUND,

        Plaintiff,

    v.

RICHARD MATZELLE and "JOHN AND
JANE DOES 1-10",

        Defendants.

## ANSWER

### ROBERT C. CARLSEN, P.C.
*Attorney for Defendant RICHARD MATZELLE*
73-35 Myrtle Avenue
Glendale, New York 11385
(718) 366-0058
Fax: (718) 497-8329

The undersigned, an admitted New York Attorney, certifies in accordance with 22NYCRR1301 that, upon information and belief, the contentions contained herein are not frivolous.

        ROBERT C. CARLSEN, ESQ.

STATE OF NEW YORK, COUNTY OF QUEENS  ss.:
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside 73-35 Myrtle Avenue, Glendale, NY 11385.
On August 13, 2008, I served the within ANSWER

    Service By Mail   } by mailing a copy to each of the following persons at the last known address set forth after each name below.

X   Service by FAX   } by transmitting a copy to the following persons at the telephone number set forth after each name below.

To:   PROSKAUER ROSE LLP
Russell L. Hirschhorn, Esq.
Attorney for Plaintiff
1585 Broadway
New York, NY 10036-8299

        LORRAINE VENEZIA

Sworn to before me on August 8, 2008.

ROBERT C. CARLSEN
Notary Public, State of New York
No. 02CA4994901
Qualified In Westchester County
Commission Expires: April 18, 20__

PLEASE take notice that the within is a true copy of an Order duly entered NOTICE OF ENTRY in the office of the clerk of the within named Court on

Dated,

        Yours, etc.,
        **ROBERT C. CARLSEN, P.C.**
        *Attorney for*
        73-35 Myrtle Avenue
        Glendale, New York 11385
        (718) 366-0058
        Fax: (718) 497-8329